JUDGE JONES                    08 CV 6244

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X    B.J.

MANUEL ORTIZ                                  **VERIFIED COMPLAINT**
                                              **JURY TRIAL DEMANDED**
                    Plaintiff(s),
                                              ECF CASE
        -against-

FIRST AMERICUS ENTERPRISE, INC.
and NATHAN BUCK
                                              RECEIVED
                    Defendant(s).             JUL 10 2008
                                              U.S.D.C. S.D. N.Y.
                                              CASHIERS
--------------------------------------------------------X

        Plaintiff, MANUEL ORTIZ by his attorneys, SHANKER & SHANKER, P.C., complaining of the Defendants, respectfully alleges, upon information and belief:

**Summary Of Claims**

        1.    This action seeks monetary relief to compensate the Plaintiff for severe and permanent personal injuries and other damages to be determined resulting from the negligent, careless and reckless ownership, operation, management, maintenance, supervision, use and control by the Defendant(s) of a 2005 vehicle bearing Pennsylvania registration number AF18335.

**Jurisdiction and Venue**

        2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction over the state law claims. Venue is properly established in this Court pursuant to 28 U.S.C. § 1332(a).

**Parties**

        3.    On April 2, 2007 and at all times herein mentioned, Plaintiff **MANUEL ORTIZ** was, and still is, a resident of the County of New York, State of New York.

4. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** was, and still is a corporation duly organized and existing by virtue of the laws of the Commonwealth of Pennsylvania.

5. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** was, and still is a corporation authorized to do business in the State of New York.

6. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** was, and still is a foreign corporation authorized to do business in the State of New York.

7. On April 2, 2007 and at all times herein mentioned, Defendant, **FIRST AMERICUS ENTERPRISE INC.** was, and still is, a domestic corporation authorized to do business in the State of New York.

8. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** was, and still is, a resident of the Commonwealth of Pennsylvania.

9. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** was the title owner of a 2005 vehicle bearing Pennsylvania registration number AF18335.

10. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** was the registered owner of a 2005 vehicle bearing Pennsylvania registration number AF18335.

11. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.**, via its employee(s), agent(s) and/or assigns, operated the aforementioned vehicle.

12. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** managed the aforementioned vehicle.

13. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** maintained the aforementioned vehicle.

14. On April 2, 2007 and at all times herein mentioned, Defendant **FIRST AMERICUS ENTERPRISE INC.** controlled the aforementioned vehicle.

15. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned vehicle bearing Pennsylvania registration number AF18335.

16. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** managed the aforementioned vehicle.

17. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** maintained the aforementioned vehicle.

18. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** controlled the aforementioned vehicle.

19. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned vehicle in the course of his employment.

20. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** was employed by Defendant **FIRST AMERICUS ENTERPRISE INC.**

21. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned vehicle in the course of his employment with Defendant **FIRST AMERICUS ENTERPRISE INC.**

22. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK,**

operated the aforementioned vehicle with the implied permission of Defendant **FIRST AMERICUS ENTERPRISE INC.**.

23. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned vehicle with the express permission of Defendant **FIRST AMERICUS ENTERPRISE INC.**.

24. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned motor vehicle with the knowledge of the Defendant **FIRST AMERICUS ENTERPRISE INC.**.

25. On April 2, 2007 and at all times herein mentioned, Defendant **NATHAN BUCK** operated the aforementioned motor vehicle with the consent of the Defendant **FIRST AMERICUS ENTERPRISE INC.**

26. On April 2, 2007 and at all times herein mentioned, Plaintiff **MANUEL ORTIZ** was the owner of a 2002 motor vehicle bearing New York State registration number DUT9325.

27. On April 2, 2007 and at all times herein mentioned, Plaintiff **MANUEL ORTIZ** was the operator of a 2002 motor vehicle bearing New York State registration number DUT9325.

28. On April 2, 2007 and at all times herein mentioned, 920 East 132nd Street and Locus Avenue in the County of Bronx, State of New York, were public roadways, streets and/or thoroughfares for the use of motor vehicles

29. That on April 2, 2007, Defendant **NATHAN BUCK** was operating the aforementioned vehicle at the aforementioned location.

30. That on April 2, 2007, the vehicle owned by the Defendant **FIRST AMERICUS ENTERPRISE INC.**. was being operated at the aforementioned location.

31. That on April 2, 2007, Plaintiff **MANUEL ORTIZ** was operating his motor vehicle at the aforementioned location.

32. That on April 2, 2007, at the aforementioned location, the vehicle owned by Defendant, **FIRST AMERICUS ENTERPRISE INC.** came into contact with the motor vehicle operated by Plaintiff **MANUEL ORTIZ**.

33. That on April 2, 2007, at the aforementioned location, the motor vehicle operated by Defendant, **NATHAN BUCK**, came into contact with the motor vehicle operated by Plaintiff **MANUEL ORTIZ**.

34. That on April 2, 2007, at the aforementioned location, the motor vehicle operated by Defendant, **NATHAN BUCK**, and owned by Defendant, **FIRST AMERICUS ENTERPRISE INC.**, came into contact with the motor vehicle operated by Plaintiff **MANUEL ORTIZ**.

35. That as a result of the aforesaid contact, Plaintiff **MANUEL ORTIZ** was injured.

36. That as a result of the aforesaid contact, Plaintiff **MANUEL ORTIZ** was seriously injured.

37. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff contributing thereto.

38. That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

39. That by reason of the foregoing, Plaintiff **MANUEL ORTIZ** sustained severe and permanent personal injuries; and Plaintiff **MANUEL ORTIZ** was otherwise damaged.

40. That Plaintiff **MANUEL ORTIZ** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

41. That Plaintiff **MANUEL ORTIZ** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

42. That Plaintiff **MANUEL ORTIZ** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

43. That this action falls within one or more of the exceptions set forth in CPLR §1602.

44. That by reason of the foregoing, Plaintiff **MANUEL ORTIZ** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demands judgment against the Defendants herein, in a sum exceeding $75,000.00 (SEVENTY FIVE THOUSAND DOLLARS), together with the costs and disbursements of this action.

Dated:   New York, New York
         July 9, 2008

Yours, etc.

_____
STEVEN V. SHANKER, ESQ.
Shanker & Shanker, P.C.
Attorneys for Plaintiff(s)
MANUEL ORTIZ
386 Park Avenue South- Suite #1914
New York, New York 10016
212-490-0046
Our File No. 1919-07

## ATTORNEY'S VERIFICATION

STEVEN J. SHANKER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at SHANKER & SHANKER, P.C., attorneys of record for Plaintiff(s),Manuel Ortiz. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   New York, New York
         July 9, 2008

_____
STEVEN J. SHANKER, ESQ.